

**SIGNED THIS 22nd day of May, 2026**

**THIS MEMORANDUM OPINION HAS BEEN ENTERED ON
THE DOCKET. PLEASE SEE DOCKET FOR ENTRY DATE.**

_Rebecca B Connelly_
Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| In re: | **Chapter 7** |
| **CHRISTOPHER LYNN ANDREWS,** | **Case No. 26-50158** |
| Debtor. | |

## MEMORANDUM OPINION

The question for this Court is whether the debtor, Christopher Lynn Andrews, has shown grounds under Federal Rule of Civil Procedure 60(b), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 9024, to vacate this Court's order dismissing his chapter 7 case for failure to file certain required documents. For the reasons stated below, the Court finds that he has not shown grounds for relief under Rule 60(b). The motion to vacate is denied.

## JURISDICTION

This Court has jurisdiction over this bankruptcy case under sections 1334(a) and 157(a) of Title 28, the delegation made to this Court by Order of Reference from the District Court entered on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. This matter is a core proceeding under section 157(b)(2)(A) of Title 28, as it concerns the administration of the estate, including the validity of the Court's order of dismissal and whether relief from that order is warranted.

## PROCEDURAL HISTORY

On March 20, 2026, Christopher Lynn Andrews, through his counsel Martin Conway, filed a voluntary chapter 7 petition. *See* ECF Doc. No. 1. The petition was deliberately filed without most of the schedules, statements, and other documents required by Bankruptcy Code section 521(a)(1) and Federal Rule of Bankruptcy Procedure 1007(b). A few days after the filing date, the Court entered an order identifying the required documents that had not been filed and setting a deadline of April 3, 2026, consistent with the fourteen-day deadline established under Federal Rule of Bankruptcy Procedure 1007(c). Specifically, the deficiency order provided that:

> failure to cure said deficiency(ies) within fourteen (14) days from the date the petition was originally filed, or to file a pleading within such time requesting a hearing upon such asserted deficiency(ies), may result in dismissal of the case, or sanctions being imposed, or such other remedy as the Court deems appropriate, without further notice or hearing.

*See* ECF Doc. No. 7. Counsel for Mr. Andrews received notice of the order through the CM/ECF electronic mail system. *See* ECF Doc. No. 8.

During the compliance period, counsel filed nothing. He did not file the missing schedules. He did not seek an extension. Nor did he file a pleading requesting a hearing upon the deficiencies. On April 8, 2026, nineteen days after the petition date, the Court dismissed the case for failure to comply with the Court's order.

One day later, counsel for Mr. Andrews filed a motion to vacate dismissal. *See* ECF Doc. No. 11. In his motion, counsel attributes his failure to file the missing documents to "a disruption of counsel's office software" that prevented counsel from properly tracking the deadline. *Id.* ¶ 3. The motion seeks relief under Federal Rule of Civil Procedure 60(b), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 9024.

The Court held a hearing on the motion to vacate the dismissal order. Only counsel for Mr. Andrews appeared at the hearing. Counsel acknowledged that he intentionally filed the petition without the balance of the required documents. He stated that he did not file the balance of the required documents within the time set by the deficiency order because his software categorized the case as a "complete filing" as if he had already filed the balance of required documents. Counsel admitted that the deficiency order was received by his office and that the missing documents had been prepared and could have been filed during the compliance period. Counsel filed the missing documents within several days of dismissal. After hearing the arguments and statements of counsel at the hearing, the Court took the matter under advisement.[1]

## ANALYSIS

Federal Rule of Civil Procedure 60, incorporated by Federal Rule of Bankruptcy Procedure 9024, allows a court to review and vacate an order "so long as the motion is filed timely and states sufficient grounds for vacating the order." *In re Mull*, No. 12-71486, 2013 WL 1844758, at *3 (Bankr. W.D. Va. Feb. 5, 2013). Rule 60(b) provides relief based on the following grounds:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

---

[1] After the hearing, Mr. Conway filed, without leave of Court, an exhibit list and approximately 1,099 pages of exhibits consisting of comparative charts of Fourth Circuit bankruptcy court procedures, excerpts of local rules from sister districts, and related materials. *See* ECF Doc. No. 19. These documents are irrelevant to the question presented. Whether other bankruptcy courts within the Fourth Circuit have adopted different deficiency procedures is immaterial to whether this Court's procedure complies with the Bankruptcy Code and the Constitution. Each court's local rules reflect that court's own judgment about procedure, and the absence of uniformity among the districts does not render any particular court's procedure invalid. The Court's analysis rests on the applicable statutes, rules, and binding authority addressed herein.

Fed. R. Civ. P. 60(b). In his motion, counsel alleges grounds under Rule 60(b)(1), (4), and (6)—specifically excusable neglect, that the order is void, and that vacatur is necessary to prevent manifest injustice. *See* ECF Doc. No. 11.

A. *Rule 60(b)(1) Does Not Warrant Relief*

Counsel for the debtor argues that relief is warranted under Rule 60(b)(1) for excusable neglect. Rule 60(b)(1) permits relief from a judgment or order based on excusable neglect. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 394 (1993). Whether neglect is excusable depends on the totality of circumstances, including (1) the danger of prejudice [to the non-moving party], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.* at 395. The Court must weigh these factors to determine whether counsel's neglect warrants relief under Rule 60(b)(1).

The danger of prejudice and the length of delay on balance weigh against the debtor. The length of delay between dismissal and the filing of the balance of schedules was two days. The motion to vacate was filed promptly, and the case had been pending for less than three weeks at the time of dismissal. On the other hand, vacating the order of dismissal will not change the petition date, the date initially set for the meeting of creditors under section 341, or the deadlines under Bankruptcy Rules 4004(a)(1) or 1017(e)(2). Creditors' deadline to object to discharge or determine the dischargeability of their debt will remain the same upon vacating the order, to their detriment. The deadline to dismiss the case under section 707(b) likewise will remain the same to the prejudice of creditors, the trustee, and the United States Trustee. More importantly, creditors have been operating with knowledge that the case has been dismissed since April 8, 2026; vacating the dismissal order obviously will affect actions they may have taken because the automatic stay had

terminated. Entering an order vacating the dismissal order may place creditors at risk for relying upon the dismissal order. Counsel for the debtor never sought a stay of this dismissal order, so it is still in effect. While creditors are relying upon an order that may be invalidated, the debtor has not filed a new petition despite the opportunity to do so (the dismissal order is without restriction or condition).

These two factors are not dispositive. The Court must also consider the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

The reason for the delay weighs decisively against the debtor. The motion attributes the failure to comply with the deficiency order's deadline to "a technological disruption that interfered with counsel's ability to receive and track ECF notifications." *See* ECF Doc. No. 11. Counsel's statements at the hearing tell a different story. Counsel acknowledged that he filed the petition intentionally without most of the documents required by Bankruptcy Code section 521(a)(1) and Rule 1007(b), and that his failure to file those documents within the time set by the deficiency order was a consequence of how counsel chose to file the case. Counsel acknowledged that at the time he filed the case, he knew the case had been coded in his office system as a full filing, meaning the computer system had coded the case as one in which the schedules were to be filed with the petition. Counsel admitted that this miscoding meant his system would not track the deadline to file the missing documents. Counsel further acknowledged that the deficiency order was received by his office and that the missing documents had been fully prepared and were available to be filed at any point during the compliance period set by the deficiency order. He failed to file them not because of an external event or circumstances beyond his control but because of an internal event:

he did not track the deadline to file the required documents by the deadline that counsel knew or should have known would attach to the case from the moment of filing.

"A party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect pursuant to Rule 60(b)(1)." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010) (citations omitted). The Fourth Circuit has routinely denied finding excusable neglect when the failure was a result of counsel's carelessness. *See id.* (finding there was no excusable neglect when the delay was caused by email problems that counsel knew about). Here, counsel acknowledged at the hearing that his office's case management system did not flag the deadline because the case had been miscoded at intake. Counsel's failure to timely file the required documents was the consequence of his failure to ensure that his office systems and procedures functioned as intended. The reason for the delay was, accordingly, within counsel's reasonable control. This factor weighs strongly against a finding of excusable neglect.

The fourth factor, whether the movant acted in good faith, weighs in favor of the debtor. Nothing in the record suggests bad faith on the part of the debtor or counsel. Counsel filed the motion to vacate and the missing documents promptly after the dismissal. The Court accepts that counsel acted in good faith. However, good faith alone does not overcome the weight of the other factors. *See Pioneer*, 507 U.S. at 395 (concluding that determining whether neglect is excusable requires considering the totality of the circumstances).

Based on the totality of these circumstances, the debtor has not established excusable neglect under Rule 60(b)(1).

B. *Rule 60(b)(4) Does Not Warrant Relief*

Counsel next argues that the debtor is entitled to relief under Rule 60(b)(4) because the dismissal order is void. Rule 60(b)(4) provides for relief from a void judgment [or order] when the

entering court lacked jurisdiction or the order violated due process. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

Counsel alleges that the dismissal order was entered in violation of section 707(a) and lacked due process. Specifically, he argues the Court's procedure that led to the dismissal order does not comply with the statutory language of section 707(a), and that it does not meet the constitutional requirement for due process. He raises many of the same arguments in support of each of these grounds. In either event, his claims fail.

    1.  The Dismissal Does Not Violate Section 707(a)

Counsel claims the dismissal order does not comply with section 707(a) because the order was not entered after notice and a hearing.  He acknowledges that the case was dismissed because the debtor did not comply with the Court's deficiency order, but he suggests that the deficiency order does not comply with the requirement of notice and hearing under section 707(a). Specifically, counsel contends that dismissal may occur "only after notice and a hearing and only for cause" under section 707(a).

Counsel's argument fails because it reads section 707(a) in isolation from section 102(1). Section 102(1) defines "after notice and a hearing" as "after such notice as is appropriate in the particular circumstances, and such opportunity for hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). The phrase "after notice and a hearing" "authorizes an act without an actual hearing if such notice is given properly and if . . . such a hearing is not requested timely by a party in interest." *Id.* § 102(1)(B)(i). The Code expressly contemplates dismissal without an actual hearing if notice has been given and the debtor has declined to request a hearing. The deficiency order operated within section 102(1)'s framework by providing notice to Mr. Andrews of (1) the documents that had not been filed, (2) the deadline for filing them, (3) the

possible consequence of not filing them (including dismissal), and (4) the procedure to request a hearing on the asserted deficiencies.

*No v. Gorman*, on which debtor's counsel relies heavily, does not require a different result. The Fourth Circuit held that a bankruptcy court erred by dismissing a chapter 13 case under section 1307(c)(4) before the scheduled hearing on the trustee's motion. *No v. Gorman*, 891 F.3d 138, 144–46 (4th Cir. 2018). The decision is inapposite for three reasons. First, *No* involved a contested factual question, specifically whether the debtor made payments to the chapter 13 trustee (a fact that was not readily determined from the Court's docket). *Id.* at 140–41. Here, the deficiency order contemplates an objective issue: have the required documents been filed on the Court's docket or not. Second, the bankruptcy court in *No* cancelled a hearing that had already been scheduled, affirmatively depriving the debtor of her opportunity to be heard on whether she had made payments to the trustee. *Id.* at 141. Here, by contrast, the deficiency order provided the debtor a deadline to request a hearing and did not dismiss the case until that deadline had passed. Third, and more to the point here, the Fourth Circuit read section 1307(c)(4) (which contains the same "after notice and a hearing language") as permitting dismissal "after opportunity for a hearing." *Id.* at 140. Here, Mr. Andrews had an opportunity for hearing, and the deficiency order told him that. Because Mr. Andrews had opportunity to request a hearing and was on notice that his failure to do so may result in dismissal of the case without further notice, the dismissal was valid.

Counsel for Mr. Andrews further attempts to argue that section 102(1) requires some "procedurally identifiable action for which notice is given and to which a party may respond." He frames the deficiency order as a "deficiency notice warning of potential dismissal" that he contends cannot be equivalent to notice of a request for dismissal. Counsel does not cite to any law that requires this "procedurally identifiable action" under section 102(1) that is different from the

action of the Court's order. Nonetheless, the Court finds that its deficiency order is sufficient. As discussed, it notified the debtor of his deficiencies, provided a deadline to cure them, gave an opportunity to request a hearing, and warned that the case may be dismissed for noncompliance. The deficiency order satisfies the requirements of section 102(1).

What is missing from counsel's discourse is any discussion of the Federal Rules of Bankruptcy Procedure. The Bankruptcy Rules, applicable to all bankruptcy cases, provide the filing requirements and their deadlines. Federal Rule of Bankruptcy Procedure 1007(c) provides that a debtor must file the required documents under Rule 1007(b)(1), (b)(4), (b)(5), and (b)(6) with the petition or within fourteen days after it is filed. Fed. R. Bankr. P. 1007(c). The documents required under Rule 1007(b) are also required under Bankruptcy Code section 521(a). When this Court issued the deficiency order, that order was pursuant to Rule 1007(b) and in furtherance of section 521(a). And when the Court issued the dismissal order after the debtor failed to comply with the Court's deficiency order, the Court was issuing an order consistent with the provisions of section 521(a).

The Court's authority to enter the dismissal order is independently grounded in Bankruptcy Code section 105(a), which provides that a "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The phrase "any order" is broad and includes a dismissal order. *See In re Tennant*, 318 B.R. 860, 869 (B.A.P. 9th Cir. 2004) (citations omitted) ("The court can dismiss a case sua sponte under Section 105(a)."). Counsel cited *Law v. Siegel*, 571 U.S. 415 (2014) for the proposition that section 105(a) cannot override section 707(a). Counsel's reliance upon *Law v. Siegel* is misplaced. *Law v. Siegel* holds that section 105(a) cannot be used to take an action expressly prohibited by another provision of the Code. *Id.* at 421–22. Here, the Court did not apply section 105(a) to dismiss the case in

violation of section 707(a); it applied section 105 to enforce the Court's deficiency order entered to enforce the deadline of Rule 1007(c). The dismissal did not violate any express provision. It carried out the provisions of the Code by dismissing a case that failed to include proper documents required by section 521(a). Even if section 707(a)(3) applied, the dismissal complied with its requirements: "cause" is established by the failure to file the documents required by section 521(a)(1), and the requirements of "notice and a hearing" were satisfied through section 102(1). To suggest that section 105 precludes a Court from issuing a dismissal order is to read an exception into the statute that does not exist. *Law v. Siegel* does not foreclose the Court's authority to enter the dismissal at issue.

Counsel also points to the Court's Local Rule 1007-1(C), which instructs that if counsel fails to file schedules timely, the case may be dismissed "without further notice or hearing." Bankr. W.D. Va. L.R. 1007-1(C).   Counsel contends this local rule authorizes dismissal "without the process required by § 707(a), [therefore] it is invalid."  *See* ECF Doc. 11 at 5. As already explained, the Court dismissed the case for failure to comply with the Court's deficiency order, not because the debtor failed to comply with the local rule. Nonetheless, the local rule's "without *further* notice or hearing" language reflects what section 102(1) authorizes: that a case may be dismissed without *further* notice or hearing after a deficiency order is issued. Therefore, to the extent section 707(a) applies, the local rule and section 707(a) operate in harmony, and counsel's argument fails.

2.   Dismissal Did Not Lack Due Process

Counsel for Mr. Andrews next argues that the dismissal order should be void because it lacked due process. Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Plemons v. Gale*, 396 F.3d 569, 573 (4th Cir. 2005)

(quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950)); *see also Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.") (internal quotations omitted). The deficiency order met that standard. It identified documents that had not been filed, set a deadline for filing them, stated the consequence of noncompliance, and expressly invited Mr. Andrews to file a pleading requesting a hearing on the asserted deficiencies. Counsel for Mr. Andrews acknowledged at the hearing that the order was received by his office. Mr. Andrews was provided notice sufficient to apprise him of the consequences of not complying with the Court's order. The notice was constitutionally adequate.

Counsel for Mr. Andrews's reliance on *Mathews v. Eldridge* does not require a different result. In that case, the Supreme Court identified a three-factor test for courts to evaluate the sufficiency of due process: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the administrative burdens that the additional or substitute procedural requirement would entail. *Mathews*, 424 U.S. at 335.

Here, the private interest at stake is not substantial. Counsel for Mr. Andrews claims that the private interest at issue here is the termination of the automatic stay and deprivation of an opportunity for discharge. What counsel ignores is that the case was dismissed without conditions or restrictions, meaning the debtor was eligible to file a new case and obtain an immediate

temporary automatic stay with the same potential for a personal discharge that he had in his prior case.[2] Nothing about the dismissal foreclosed the substantive relief that the debtor was seeking.

The risk of erroneous deprivation is equally unpersuasive. Counsel contends that a pre-dismissal hearing would serve as a final checkpoint by confirming that the debtor received the deficiency order and that noncompliance was not inadvertent. But the factual inquiry here is objective: either the required documents were filed by the deadline, or they were not. The Court does not need a hearing to resolve that question and holding one would not change the outcome. Counsel's specific concern that his office system flags hearings but not deficiency orders does not describe a risk of erroneous deprivation; it describes a deficiency in counsel's own office procedures. Moreover, the deficiency order itself provided the safeguard counsel claims is missing: it expressly invited Mr. Andrews to request a hearing on the asserted deficiencies, which he did not. A debtor who believes a deficiency order was issued in error or who has cause for an extension may invoke that procedure. Requiring the Court to schedule a hearing in every case when a deficiency order goes unanswered would render that language meaningless.

As for the third factor, counsel argues that short remote hearings impose minimal costs on the Court. While true, the Court's authority to enforce its orders does not turn on whether doing so is burdensome. When the relevant inquiry is objective and a hearing mechanism is already built into the order itself, due process requires notice and opportunity to be heard—not that a hearing actually be held. *See Mathews*, 424 U.S. at 348–49. The deficiency order provided both.

---

[2]     Under Bankruptcy Code section 362(c)(3), the automatic stay shall terminate in a case after 30 days if a debtor had a prior case dismissed within the preceding 1-year period. The debtor may be granted an extension of the automatic stay upon a showing that the filing of the later case is in good faith. 11 U.S.C. § 362(c)(3)(B).

Weighing the three *Mathews* factors, this Court's procedures satisfy due process, and the deficiency order was constitutionally adequate. The dismissal order was not void, and Rule 60(b)(4) does not permit the Court to vacate it.

### C.  *Rule 60(b)(6) Does Not Warrant Relief*

Finally, counsel argues that the dismissal order must be vacated to prevent manifest injustice. As he says, allowing the dismissal to stand "would elevate administrative procedure over statutory rights and deprive the Debtor of relief based on a non-willful failure compounded by a process that provides no meaningful safeguard against error." *See* ECF Doc. No. 11. This argument largely rehashes the arguments discussed above. The Court construes it as an argument for relief under Rule 60(b)(6), which allows relief for "any other reason that justifies relief."

Rule 60(b)(6) is reserved for extraordinary circumstances when a party is faultless in the delay. *Pioneer*, 507 U.S. at 393. Because Rule 60(b)(6) permits relief beyond one year, it is mutually exclusive from the other provisions under Rule 60(b). *Id.* As a result, counsel for the debtor may not rebrand his arguments under the other sections of Rule 60(b) as a "manifest injustice." The "manifest injustice" that counsel identifies are the same circumstances under which the Court denied relief under Rule 60(b)(1) and (b)(4). Hence, the motion does not pass Rule 60(b)(6) requirements.

### CONCLUSION

For the reasons explained in this opinion, the debtor has not established grounds for relief under Federal Rule of Civil Procedure 60(b). Counsel's failure to file the required documents within the compliance period set by the Court's deficiency order was within his reasonable control and does not constitute excusable neglect under Rule 60(b)(1). The dismissal order was not void under Rule 60(b)(4) because the deficiency order provided adequate notice and a meaningful

opportunity to be heard. Likewise, Rule 60(b)(6) affords no independent basis for relief when, as here, the circumstances alleged are the same as those considered and rejected under the other provisions of Rule 60(b). The Court will issue a separate order consistent with the conclusions in the opinion.